# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

_____

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 08-299 (RHK) |
| Plaintiff, | |
| v. | **SECOND PRELIMINARY ORDER OF FORFEITURE** |
| ROBERT DEAN WHITE, | |
| Defendant. | |

_____

Based on the United States' Motion for a Second Preliminary Order of Forfeiture; on the findings made in this Court's First Preliminary Order of Forfeiture (Doc. No. 34); on the Court having found that certain property is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) in conjunction with 28 U.S.C. § 2461(c), and pursuant to 18 U.S.C. § 982(a)(1); and on the Court's determination that, based on Defendant White's guilty plea and based on all of the files and records of this proceeding, the Government has established the requisite nexus between such property and the offense to which the Defendant has pled guilty,

**IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for a second preliminary order of forfeiture (Doc. No. 48) is **GRANTED**;

2.      Defendant Robert Dean White shall forfeit to the United States pursuant to 18 U.S.C. § 981(a)(1)(A) in conjunction with 28 U.S.C. § 2461(c) and 18 U.S.C. § 982(a)(1) the following property:

   a.   The remaining Balance of First Minnesota Bank Account No. 3157142 amounting to $2,891.98 which was transferred into U.S. Bank account number 104778312918 by Receiver Kelley (the "White Receivership Account") on or about November 19, 2008, as well as any appreciation and accrued interest;

   b.   The proceeds from the sale of White's equity/stock interests in Zink Imaging amounting to $3,000,000, which was transferred into the White Receivership Account in November 2008, as well as any appreciation and accrued interest; and

   c.   The proceeds from the sale of White's 2005 Porsche 911 Turbo Cabriolet VIN WP0CB29905S675377 amounting to $50,187, which were deposited into White's Receivership Account on or about May 6, 2009, as well as any appreciation and accrued interest.

3.      Defendant Robert Dean White shall also forfeit to the United States the following property as substitute assets pursuant to 21 U.S.C. § 853(p). The value of these assets forfeited as substitute property shall be applied against the money judgment forfeiture entered by this Court against Defendant White on September 13, 2010 (Doc. No. 34 at ¶ 4):

a. The remaining balance of First Minnesota Bank Account No. 3909172 amounting to $2,103, which was transferred to the White Receivership Account on or about November 19, 2008, as well as any appreciation and accrued interest;

b. The proceeds from the sale of the SV "Spirit" Hull, Kanter Yachts Benford Custom 65' Yacht, with Hull ID No. ZKNB646441787, Official Number 923999 amounting to $315,000, which was transferred to the White Receivership Account on or about April 29, 2010 and May 5, 2010, as well as the refund of an insurance premium on this yacht in the amount of $795, as well as any appreciation and accrued interest;

c. The State Farm Insurance Payout covering a totaled 2005 Honda Element with VIN 5J6YH27645L010676 and MN License Plate No. PHA 531 amounting to $12,339.22 which was deposited into the White Receivership Account on or about April 13, 2010, as well as any appreciation and accrued interest;

d. 86,000 Shares of Medafor, Inc Stock; and

e. 120,000 Shares of International Motorsports Entertainment and Development, LLC.

4. The United States may seize the foregoing property referenced in paragraphs 3 and 4 above, and may maintain custody and control of the property pending the entry of a Final Order of Forfeiture. Accordingly, the United States may seize and maintain control of all funds in the White Receivership Account, i.e. U.S. Bank account number

104778312918, because all property deposited into that account by the Receiver has now been forfeited.

5. The United States shall, pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 18 U.S.C. § 982(b)(1) publish and give notice of this Order and its intent to dispose of the foregoing property in such manner as the Attorney General may direct;

6. Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B), and Fed. R. Crim. P. 32.2(e), this Second Preliminary Order of Forfeiture shall become final as to the Defendant at the time it is issued;

7. Following the Court's disposition of all petitions filed pursuant to 21 U.S.C. § 853(n)(2) or, if no petitions are filed, following the expiration of the time period specified within which to file such petitions, the United States shall have clear title to the foregoing property and may warrant good title to any subsequent purchaser or transferred;

8. The provisions of the Court's previous Preliminary Order of Forfeiture (Doc. No. 34) remain in effect, and this Court shall retain jurisdiction to enforce this Order and its prior Order (Doc. No. 34), and to amend them as necessary pursuant to Fed. R. Crim. P. 32.2(e) to forfeit any subsequently discovered directly forfeitable or substitute property, and to dispose of any third-party claims.

Dated: January 6, 2011

                                       s/Richard H. Kyle
                                       RICHARD H. KYLE
                                       United States District Judge