**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

_____

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 08-299 (RHK) |
| Plaintiff, | **THIRD PRELIMINARY ORDER OF FORFEITURE** |
| v. | |
| ROBERT DEAN WHITE, | |
| Defendant. | |

_____

Based on the United States' Motion for a Third Preliminary Order of Forfeiture and supporting documents, on the findings made in this Court's First Preliminary Order of Forfeiture (Doc. No. 34), and on the Court having found that certain property is subject to forfeiture as substitute assets pursuant to 21 U.S.C. § 853(p) in conjunction with 28 U.S.C. § 2461(c), **IT IS ORDERED** that:

1. Plaintiff's Motion for a Third Preliminary Order of Forfeiture (Doc. No. 64) is **GRANTED**;

2. Defendant Robert Dean White shall forfeit to the United States as substitute assets pursuant to 21 U.S.C. § 853(p), any and all net proceeds from the sale by Robert White and/or any of his agents, attorneys, or assigns, the real property located at 538 Grace Street, Excelsior, MN ("538 Grace Street"). The value of this asset shall be applied against the money judgment forfeiture entered by this Court against Defendant White on September 13, 2010 (Doc. No. 34 at ¶ 4);

3. The United States is authorized to seize the net proceeds due to Robert White at the closing of any sale of the real property located at 538 Grace Street, regardless of the date and time of the closing of such sale. The United States is authorized to send a designated agent to any such closing for the purpose of seizing said proceeds. The United States may maintain custody of the seized proceeds pending the resolution of any third party claims to the proceeds and the entry of a Final Order of Forfeiture;

4. Any and all third parties, including title and/or closing agents, are ordered, upon being served with a copy of this order, to cooperate with and facilitate the seizure of the net proceeds of the sale of 538 Grace Street by the United States. Such third parties are ordered to turn over such proceeds to the United States, and are ordered to facilitate such seizure by issuing a check drawn on certified funds representing such proceeds to any appropriate agency of the United States;

5. The United States shall, pursuant to 21 U.S.C. § 853(n)(1) publish and give notice of this Order and its intent to dispose of the foregoing property in such manner as the Attorney General may direct;

6. Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B), and Fed. R. Crim. P. 32.2(e), this Third Preliminary Order of Forfeiture shall become final as to the defendant at the time it is issued;

7. Following the Court's disposition of all petitions filed pursuant to 21 U.S.C. § 853(n)(2) or, if no petitions are filed, following the expiration of the time period specified within which to file such petitions, the United States shall have clear title to the

foregoing property and may warrant good title to any subsequent purchaser or transferee; and

    8. The provisions of the Court's previous Preliminary Order of Forfeiture (Doc. No. 34) and Second Preliminary Order of Forfeiture (Doc. No. 51) remain in effect, and this Court shall retain jurisdiction to enforce this Order and its prior Orders, and to amend them as necessary pursuant to Fed. R. Crim. P. 32.2(e) to forfeit any subsequently discovered directly forfeitable or substitute property, and to dispose of any third-party claims.

Dated: April 15, 2011

                                              s/Richard H. Kyle
                                              RICHARD H. KYLE
                                              United States District Judge