# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,

                              Plaintiff,

                                        Crim. No. 08-299 (RHK)
                                        **MEMORANDUM OPINION
                                        AND ORDER**

v.

Robert Dean White*,*

                              Defendant.

Surya Saxena, Assistant United States Attorney, Minneapolis, Minnesota, for Plaintiff.

Todd R. Haugan, Haugan Law Office, Ltd., Wayzata, Minnesota, for Petitioner Robyn White.

## INTRODUCTION

        Defendant's ex-wife, Robyn White, has filed an Amended Petition (Doc. No. 55) seeking the distribution to her of certain property ordered forfeited under the Court's Second Preliminary Order of Forfeiture.   The Government now moves to dismiss the Amended Petition.   For the reasons set forth below, the Court will grant the Motion.[1]

---

[1] To avoid confusion, the Court refers to Petitioner Robyn White as "White" and Defendant Robert White as "Defendant" throughout this Memorandum Opinion and Order.

## BACKGROUND

Defendant was charged with mail fraud and money laundering in connection with a large Ponzi scheme orchestrated by Tom Petters.   He pled guilty and testified against Petters at trial.   As part of his plea agreement, Defendant acknowledged that all funds he received from Petters Company, Inc. ("PCI") were proceeds of fraud.   (See Plea Agreement ¶ 11.)   And pursuant to his guilty plea, on September 13, 2010, the Court entered a Preliminary Order of Forfeiture (Doc. No. 34), forfeiting to the Government all of Defendant's property derived from (or proceeds of) the fraud or otherwise traceable to it.

On October 13, 2010, White filed a Petition (Doc. No. 41) seeking half the proceeds of the sale of stock in a company called ZINK Defendant had obtained in 2005.[2]   She averred that she had (1) a marital interest in those proceeds pursuant to Minnesota law[3] and (2) "an interest similar to a quantum meruit claim" because she had provided uncompensated services to ZINK that had increased the company's value.   (See id. ¶ 2.) Notably, she did not aver that she had been *promised* anything in return for those services, stating only that her "reward" for her work "would be realized in the increase in value of" Defendant's ZINK stock.   (Doc. No. 42 ¶ 6.)

Because the Government had not specifically forfeited the proceeds of the ZINK stock at the time White filed her Petition, the parties stipulated that the Petition was

---

[2] Defendant transferred the stock to his counsel in October 2008, who subsequently sold it for $3 million.   Counsel then tendered the proceeds to the Receiver overseeing the assets of Petters, his companies, and related individuals, including Defendant.   (See Doc. No. 48 at 6-7.)

[3] White and Defendant married in February 2008.   (Doc. No. 56 ¶ 1.)   White commenced dissolution proceedings on September 20, 2010 (id. ¶ 9), and a judgment of divorce was entered on April 5, 2011 (Reply at 9 n.1).

premature and agreed "that the Court need not . . . consider [it] until after the United States obtains a preliminary order of forfeiture specifically naming the Zink Stock."   (Doc. No. 45.)   The Government thereafter moved for a Second Preliminary Order of Forfeiture, this time specifically seeking to forfeit (among other things) Defendant's "interest in the $3,000,000 representing the proceeds from the sale of [his] interest in Zink."   (Doc. No. 48 at 8.)   In support, it submitted an Affidavit from FBI forensic accountant Josiah Lamb (Doc. No. 49), who traced Defendant's purchase of the ZINK stock to funds he received from PCI.   (Id. ¶¶ 8-10.)   Based on that tracing, and the evidence adduced at trial against Petters, the Court concluded that the Government had "established the requisite nexus" between the fraud and the stock proceeds.   (Doc. No. 51 at 1.)   Accordingly, on January 6, 2011, it entered a Second Preliminary Order of Forfeiture forfeiting the "proceeds from the sale of [Defendant's] equity/stock interests in Zink . . . amounting to $3,000,000 . . . as well as any appreciation and accrued interest."   (Id. ¶ 2(b).)

On February 18, 2011, White filed an Amended Petition (Doc. No. 55), again seeking half the proceeds of the sale of the ZINK stock.   While continuing to assert that she enjoys "a marital interest" in those proceeds (id. ¶ 5), she also asserted for the first time that Defendant had *expressly promised* in January 2007, in return for her work at ZINK, that she "would be paid in the form of one-half the increase in the value of Defendant's shares of ZINK stock."   (Id. ¶ 12; see also Doc. No. 56 ¶ 7.)[4]   In addition, she claimed that the Court had erroneously forfeited the proceeds of the stock sale because "there is no

---

[4] White and Defendant had begun dating a short time before this alleged promise.   (Doc. No. 56 ¶¶ 1, 6.)

nexus between" the stock and "the criminal activity upon which [Defendant] was convicted."   (Doc. No. 55 ¶ 5.)

The Government now moves to dismiss the Amended Petition.

## STANDARD OF REVIEW

Title 21 U.S.C. § 853 "articulates procedures by which third parties may assert their interest in forfeited property."   United States v. Timley, 507 F.3d 1125, 1129 (8th Cir. 2007); accord, e.g., United States v. Puig, 419 F.3d 700, 703 (8th Cir. 2005).   The statute provides, in pertinent part, that "any person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States may . . . petition the court for a hearing to adjudicate the validity of his alleged interest in the property."   21 U.S.C. § 853(n)(2).   Such an "ancillary proceeding" is governed by Federal Rule of Criminal Procedure 32.2(c), see Timley, 507 F.3d at 1129, and "closely resembles a civil action," Pacheco v. Serendensky, 393 F.3d 348, 352 (2d Cir. 2004); accord Fed. R. Crim. P. 32.2 advisory committee's note to subdivision (c).

Like in a civil action, the Government may file a motion to dismiss a third-party petition "for lack of standing, for failure to state a claim, or for any other lawful reason." Fed. R. Crim. P. 32.2(c)(1)(A).   When such a motion has been filed, it is treated like a motion under Federal Rule of Civil Procedure 12(b).   In particular, the Court must accept the allegations in the petition as true, see Fed. R. Crim. P. 32.2(c)(1)(A), and dismiss the petition if the Government shows that the petitioner is not entitled to relief as a matter of law, that is, where the petition fails to "contain sufficient factual matter . . . to state a claim to relief that is plausible on its face," Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).   See,

e.g., United States v. Salti, 579 F.3d 656, 667 (6th Cir. 2009) (citation omitted); United States v. Marion, 562 F.3d 1330, 1342 (11th Cir. 2009) (*per curiam*) (citation omitted); Pacheco, 393 F.3d at 352.   No hearing is necessary when the petition fails to state a claim entitling the petitioner to relief.   Salti, 579 F.3d at 664; see also Fed. R. Crim P. 32.2(c)(1)(B).

## ANALYSIS

## I.      White cannot relitigate the Second Preliminary Order of Forfeiture

At the outset, the Court will quickly dispose of White's assertion that the Court erred in forfeiting the proceeds of the ZINK stock sale.   The petitioner in an ancillary proceeding may challenge the forfeiture of *his or her interest* in forfeited funds, but "there is no provision in § 853(n) to relitigate the outcome of [the] proceedings [against the defendant]."   United States v. Porchay, 533 F.3d 704, 710 (8th Cir. 2008).   This is because the earlier proceedings "relate[d] to the tracing of property as proceeds of criminal activity," while "the issues . . . address[ed] within § 853(n) proceedings are claims of ownership and priorities of interest vis-à-vis the government and the petitioners."   United States v. Moser, 586 F.3d 1089, 1095 (8th Cir. 2009).   Accordingly, whatever "error" the Court may have made when forfeiting the ZINK stock and the proceeds of its sale, that error cannot be litigated by White here.

## II.     Standing presents an insurmountable hurdle

The Government argues that White lacks standing to claim a portion of the ZINK stock proceeds.   (Gov't Mem. at 9-18.)   "Standing in forfeiture cases has both

constitutional and statutory aspects." Timley, 507 F.3d at 1129.  It is statutory standing that proves problematic for White here.

Under § 853(n), only a person asserting a "legal interest in property which has been ordered forfeited" may petition the Court for redress.  This "legal-interest" requirement "impose[s] a statutory-standing requirement on claimants."  Timley, 507 F.3d at 1129. As noted in Timley, however, Section 853 does not define the term "legal interest."  Id. Accordingly, a court must "look to the law of the jurisdiction that created the [claimant's alleged] property right to determine whether the claimant has a valid interest."  Id. at 1129-30.

In this case, White's alleged property rights arise under Minnesota marital law and Minnesota contract law.  (See Doc. No. 56 ¶¶ 6, 9.)  Accordingly, the Court must look to such law to determine the extent, if any, of White's interest in the proceeds of the ZINK stock – "[i]f [she] has no interest under state law, the inquiry ends, and the claim fails for lack of standing."  Id. at 1130.  The Court concludes that is the case here.

### A.     White's marital interest

White contends that she has a "marital interest" in the ZINK stock proceeds, citing Minnesota "marriage dissolution law."  (Pet. Mem. at 18.)  In particular, she claims that under Minnesota Statutes § 518.003, subdivision 3b – which defines "marital property" – she enjoys a 50% interest in the stock proceeds.  There is a critical flaw in this argument, however.

While it is true that Section 518.003, subdivision 3b defines "marital property," that definition is applicable only "[f]or the purposes of" Minnesota Statutes Chapter 518

(concerning marriage dissolution) and Chapter 518A (concerning child support).   Minn.

Stat. § 518.003, subd. 1.   The Eighth Circuit, confronting a nearly identical situation

involving a spouse's right to contest forfeiture by invoking Missouri marital-property law,

concluded that the spouse lacked standing because "the Missouri statute relied upon by

[her] specifically limits its applicability to dissolution of marriage."   United States v.

Cochenour, 441 F.3d 599, 601 (8th Cir. 2006) (*per curiam*).   The same result must obtain

here.   See id. ("Divorce law does not govern a spouse's claimed interest in forfeited

property.") (citation omitted); United States v. Totaro, 345 F.3d 989, 997-98 (8th Cir.

2003) ("[S]everal courts have rejected state divorce law as the basis for a spouse's claim to

a legal right, title or interest in forfeited property.").

### B.      The purported contract

White also argues that she enjoys an interest in the ZINK stock proceeds because, in

return for her work at the company, she and Defendant "agreed she . . . would [be] paid in

the form of one-half the increase in the value of Defendant's shares of ZINK stock."

(Doc. No. 55 ¶ 12.)   Assuming this promise actually was made,[5] it does not vest White

with any interest in the ZINK stock or the proceeds of its sale.

Notably, White does *not* claim that Defendant promised to tender half of his stock to

her.   Instead, she alleges only that he promised her *a sum of money*, in an amount equal to

---

[5] The Court must accept as true White's assertion that Defendant made such a promise to her.
Fed. R. Crim. P. 32.2(c)(1)(A).   Nevertheless, the Court notes that this promise was nowhere
mentioned in White's initial Petition; only after she amended her Petition did she claim that there
existed such an express agreement.   Courts typically look askance at belated attempts to add new
or additional grounds for relief to third-party petitions.   See, e.g., United States v. Soreide, 461
F.3d 1351, 1355 (11th Cir. 2006) (*per curiam*); United States v. Watson, 549 F. Supp. 2d 961, 964
(W.D. Mich. 2008); United States v. Strube, 58 F. Supp. 2d 576, 585 (M.D. Pa. 1999).
Nevertheless, the Court need not – and does not – rely upon this ground to deny White relief.

half the appreciated value of the stock.   This does not suffice to show that she has a "legal interest *in* [the] property which has been ordered forfeited."   21 U.S.C. § 853(n)(2) (emphasis added).   At best, she might be entitled to damages for breach of the purported contract to pay her this amount, rendering her an unsecured general creditor of Defendant until undertaking steps to reduce her "claim" to judgment and executing thereupon (which she has nowhere alleged to have occurred).   See generally Minn. Stat. §§ 548.09, 550.01. And unsecured general creditors "lack standing as claimants of forfeited assets," because they "cannot claim an interest in any particular asset."   United States v. Dempsey, 55 F. Supp. 2d 990, 993 (E.D. Mo. 1998) (collecting cases); accord, e.g., Salti, 579 F.3d at 669-70; DSI Assocs. LLC v. United States, 496 F.3d 175, 184 (2d Cir. 2007).

## III.   In any event, White's petition fails on the merits

Assuming *arguendo* that White enjoys a legal interest in the ZINK stock proceeds sufficient to confer standing, the Government's Motion would still be granted because she cannot show that she is entitled to relief under Section 853.   To prevail, White "must either demonstrate priority of ownership at the time of the offense . . . or that [s]he subsequently acquired the property" she now seeks "as a bona fide purchaser for value." Timley, 507 F.3d at 1130 (citing 21 U.S.C. § 853(n)(6)(A)-(B)).   She can do neither.

First, there can be no question that White cannot show priority of ownership.   The Court has already determined that Defendant obtained the ZINK stock in 2005 with funds he received from PCI, which funds were the proceeds of fraud, as acknowledged in the plea agreement.   Under the relation-back doctrine, the Government's interest in those proceeds vested immediately upon the commission of the underlying fraud, Timley, 507 F.3d at

1130, and that interest continued even after the fraudulently obtained funds were used to purchase the ZINK stock, see United States v. Hawkey, 148 F.3d 920, 927-28 (8th Cir. 1998).   Moreover, that interest extended to any future appreciation in the stock's value. Id.; United States v. Corey, No. 3:04CR349, 2006 WL 1281824, at *7 (D. Conn. May 9, 2006) ("[W]here forfeitable proceeds are traced into the purchase of shares of stock, the United States's forfeitable interest equals the dollar amount of such proceeds traced into the actual shares, plus any appreciation in the value of the shares.").   White's "interest," by contrast, arose either when (1) Defendant "promised," in January 2007, to pay her an amount equal to the stock's appreciation or (2) she filed her divorce petition in September 2010.[6]   Hence, even if she had an interest in the ZINK stock, she cannot show such interest arose "before the government's interest vested."   Timley, 507 F.3d at 1130.   There is no possible priority of ownership.

Second, White cannot show that she was a bona fide purchaser for value. Defendant's "promise" did not vest her with an enforceable interest in the ZINK stock, as discussed in more detail above, and therefore she cannot show that she is a bona fide purchaser thereof (or its appreciation).   See DSI Assocs., 496 F.3d at 184 (without any vested interest in shares of stock, petitioner could not show that it was a bona fide purchaser for value of that stock); United States v. BBCI Holdings (Luxembourg), S.A., 46 F.3d 1185, 1192 (D.C. Cir. 1995) ("Bona fide purchasers are not the same thing as general

---

[6]   Under Minnesota law, an interest in marital property does not vest until a divorce proceeding has been initiated.   Miller v. Miller, 352 N.W.2d 738, 743 (Minn. 1984).

creditors.").   Indeed, how can one be a "purchaser" of property in which she has no vested interest?

Moreover, even if White had somehow "purchased" an interest in the stock (or its appreciation), she has not plausibly alleged that she did so in an arms-length transaction. See United States v. Kennedy, 201 F.3d 1324, 1330-31 (11th Cir. 2000) (rejecting claim where petitioner could not show she acquired forfeited property "through a genuine arms-length transaction"); United States v. One 1996 Vector M12, 442 F. Supp. 2d 482, 486 (S.D. Ohio 2005).   Notably, courts have routinely questioned whether transactions between romantic partners or spouses are properly characterized as arms-length.   See, e.g., United States v. McHan, 345 F.3d 262, 278 (4th Cir. 2003); United States v. Brooks, 112 F. Supp. 2d 1035, 1041-42 (D. Haw. 2000); United States v. Sokolow, No. CRIM. 93-394-01, 1996 WL 32113, at *20 (E.D. Pa. Jan. 26, 1996), aff'd in relevant part, 91 F.3d 396 (3rd Cir. 1996); United States v. Tanner, 853 F. Supp. 190, 196 n.8 (W.D. Va. 1994). Here, Defendant supposedly made a "promise" of a substantial payment, without the involvement of anyone else (such as counsel), to his (then-)new girlfriend, in an effort to entice her to continue her working at ZINK, without memorializing the terms of that promise into a written agreement.   (See Doc. No. 56 ¶ 7.)   In the Court's view, these allegations do not plausibly suggest that the promise was the result of an arms-length transaction.   Cf. United States v. Cox, No. 3:05CR92, 2006 WL 1431694, at *8 (W.D.N.C. May 23, 2006) (division of property between divorcing spouses was product of arms-length transaction where spouses had "no affection for one another," were separately represented by counsel, and terms of property division were decided by neutral arbitrator).

## CONCLUSION

The Court concludes that White lacks a legal interest in the ZINK stock or the proceeds of its sale, and even if such an interest existed, it did not arise before the Government's interest vested or result from an arms-length transaction.   Accordingly, the Petition fails as a matter of law.   21 U.S.C. § 853(n).

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that the Government's Motion to Dismiss (Doc. No. 59) is **GRANTED**, and Robyn White's Petition (Doc. No. 41) and Amended Petition (Doc. No. 55) are **DISMISSED WITH PREJUDICE**.

 **LET JUDGMENT BE ENTERED ACCORDINGLY**.


Dated: April 19, 2011                                   s/Richard H. Kyle_____
                                                                  RICHARD H. KYLE
                                                                  United States District Judge